UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT M. CHAMPAGNE, III  and | § | |
| ELIZABETH G. CHAMPAGNE, | § | Civil Action No. 2:21-cv-00476 |
| *Plaintiffs* | § | |
| | § | Section "___" – Division ___ |
| v. | § | |
| | § | Dist. Judge _____ |
| M/V UNCLE JOHN (Official No. 545297), | § | |
| her engines, machinery, tackle, appurtenances, | § | |
| furniture, apparel, etc., *in rem*; | § | Magistrate _____ |
| A & T Maritime Logistics Inc., | § | |
| *in personam*; and Alexis | § | |
| Marine, L.L.C., *in personam* | § | |
| *Defendants* | § | |

## **VERIFIED COMPLAINT**

Robert M. Champagne, III and Elizabeth G. Champagne (collectively, the "Champagnes"), for their Verified Complaint against the MV UNCLE JOHN (Official No. 545297) her engines, machinery, tackles, appurtenances, apparel etc., *in rem*, and A & T MARITIME LOGISTICS INC., *in personam*, and ALEXIS MARINE LLC, *in personam*, aver as follows:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction exists pursuant to 28 U.S.C. §1333.

2.

Venue is proper within this district because the *in rem* defendant, M/V UNCLE JOHN (Official No. 545297), is presently located within the U.S. Eastern District of Louisiana.

3.

Plaintiffs Robert M. Champagne, III and Elizabeth G. Champagne are individuals of the age of majority, and are Citizens of Louisiana residing in Terrebonne Parish.

4.

At all material times, M/V UNCLE JOHN (sometimes herein "UNCLE JOHN" or "Vessel") was and is an inland push boat, under the flag of and registered in the United States of America, approximately 21 meters in length, having official USCG documentation number 545297, and Maritime Mobile Service Identity (MMSI) number 367570920. It is now, or will be during the pendency of process hereunder, within the district and within the jurisdiction of this Court.

5.

At all material times, ALEXIS MARINE, L.L.C. ("Alexis") was and is a limited liability company or organized and existing pursuant to the laws of the state of Louisiana and, at all material times, was and is the owner and/or operator of the MV UNCLE JOHN.

6.

At all material times, A & T MARITIME LOGISTICS INC. ("A&T") was and is a limited liability company or organized and existing pursuant to the laws of the state of Louisiana and, at all material times, was and is the operator and/or owner *pro hac vice* of the UNCLE JOHN.

7.

The Champagne are the owners of certain tracts or parcels of land (the "Property") situated in the Parish of Terrebonne, State of Louisiana, having a municipal address of 143 Munson Dr., Houma, LA 70360, which fronts on Bayou Black and the Gulf Intracoastal Waterway ("GIWW"). The Champagnes are also owners of all claims asserted herein against the persons responsible for the damage to the Property sustained on or about March 10, 2020 as a result of the UNCLE JOHN's allision with its erosion protection concrete bank cover.

8.

At all material times, the tug UNCLE JOHN, while owned and/or operated by ALEXIS MARINE, L.L.C and/or A & T MARITIME LOGISTICS INC.  On or about March 10, 2020, while attempting to tow a fleet of barges southward through the City of Houma at or near GIWW mile marker 59, the UNCLE JOHN lost control, running barges aground along the Property, and causing physical damage to, it erosion protection concrete bank cover.

9.

The allision and resulting damages to the Property were not caused by or contributed to by any act or omission of the Property owners, the Champagnes, or those for whom they may be responsible.

10.

The allision and resulting damages to the Property were caused by the mishandling, fault, negligence and/or omissions of the captain and/or crew and/or the unseaworthiness of the UNCLE JOHN, including failure to maintain control of UNCLE JOHN and its barges in tow.  The allision occurred as a result of the negligence, carelessness, and/or fault of Alexis and/or A&T, as owner/operator of the Vessel, and/or their principals, agents, and/or employees, and/or as a result of unseaworthiness of the Vessel, which were within the privity and knowledge of Alexis and/or A&T, its principals, agents, and/or employees.

11.

By reason of the premises, Defendants are indebted to the Champagnes to compensate them for losses and damages in amounts which will be proven at trial, plus interest, all for which the Champagnes have a maritime lien against the UNCLE JOHN.

12.

In its current damaged condition as a result of the allision, parts of the erosion protection concrete bank cover of the Property are eroding and/or sliding/falling into the adjacent GIWW, potentially posing threats to navigation.  To properly compensate the Champagnes for their damages, the Property needs to be repaired and restored back to its pre-allision condition, which is also necessary in order to stop further land loss, to protect, both physically and aesthetically, the lot where the Champagnes plan to soon live and eventually enjoy retirement, and to protect against potential or actual hazard(s) to marine traffic in the adjacent GIWW.

13.

The Champagnes are entitled to compensation for the following non-exclusive damages: damages to and loss of Property, including costs of repair and land restoration, and all other damages which are reasonable under the circumstances. The Champagnes additionally seek reimbursement of the costs of these proceedings, including pre-judgment interest, post-judgment interest, and to have all expert witness fees taxed as costs of court.

14.

The damages sought by the Champagnes are unliquidated at this time.

15.

All and singular, the matters alleged are true and correct.  The Champagne  reserve their rights to amend and supplement this Verified Complaint as further facts become available.

WHEREFORE Plaintiffs Robert M. Champagne, III  and Elizabeth G. Champagne pray that:

1.     A warrant for the arrest in due form be issued against the M/V UNCLE JOHN, her engines, boilers, tackle, furniture, apparel, etc. and that all persons claiming any right, title or interest

Case 2:21-cv-00476-JCZ-JVM   Document 1   Filed 03/08/21   Page 5 of 5

in the said vessel be summoned to appear and answer under oath all and singular the matters aforesaid;

2.      Process in due form of law issue against defendants, A & T MARITIME LOGISTICS INC. and ALEXIS MARINE LLC, summoning each to appear and answer this Complaint;

3.      Judgment be entered in favor of Plaintiffs, and against M/V UNCLE JOHN, her engines, boilers, tackle, furniture, apparel, etc., *in rem*, and against A & T MARITIME LOGISTICS INC. and ALEXIS MARINE LLC, *in personam,* for the full amount of Plaintiffs' damages, as shown to be due and owing at trial, together with interest and costs and the vessel be sold to satisfy the judgment; and

4.      Plaintiffs have such other and further relief in the premises as in law and equity they may be entitled to receive.

Respectfully Submitted,

_____
Robert S. Stassi, T.A. (#25259)
Seth E. Bagwell (#33713)
Andrew J. Brien (#37051)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone: (504) 585-3800
Telecopier: (504) 585-3801
stassi@carverdarden.com
bagwell@carverdarden.com
brien@carverdarden.com

Attorneys for Plaintiffs,
Robert M. Champagne, III
and Elizabeth G. Champagne