UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT M. CHAMPAGNE, III and ELIZABETH G. CHAMPAGNE, *Plaintiffs* | § § § § § Civil Action No. 2:21--00476 § § Section "A" – Division "1" |
| v. | § § Dist. Judge Zainey |
| M/V UNCLE JOHN (Official No. 545297), her engines, machinery, tackle, appurtenances, furniture, apparel, etc., *in rem*; A & T MARITIME LOGISTICS INC., *in personam*; and ALEXIS MARINE, L.L.C., *in personam* *Defendants* | § § Magistrate van Meerveld § § § § § § |

## MOTION FOR ORDER DIRECTING NOTICE OF IN REM ACTION

Plaintiffs, Robert M. Champagne, III and Elizabeth G. Champagne ("Plaintiffs"), pursuant to 46 U.S.C. §31325(d)(1) and Supplemental Admiralty Rule C(4), move this Court for an order directing the manner in which notice shall be given of the commencement of this *in rem* action to enforce a maritime lien against and of the arrest of the M/V UNCLE JOHN, Official No. 545297 (the "UNCLE JOHN"); representing in support as follows:

1.  Plaintiffs are the holders of a maritime lien against the defendant vessel UNCLE JOHN for damages arising from an allision that occurred within this District.

2.  UNCLE JOHN is owned by defendant, Alexis Marine, L.L.C.

3.  On March 9, 2021 the defendant vessel UNCLE JOHN was arrested by the United States Marshal for the Eastern District of Louisiana. *See* Marshal's return on service for the arrest at R. Doc. 18.

4.  46 U.S.C. §31325(d)(1) provides that notice of a civil action to enforce a maritime lien must be given "in the manner directed by the court" to: (i) the master or individual in charge

of the vessel; (ii) any person that recorded an unexpired notice of a claim of an undischarged lien on the vessel; and (iii) any mortgagee of a mortgage filed or recorded that is an undischarged mortgage on the vessel.

5. The master or individual in charge of the defendant vessel UNCLE JOHN was notified when the U.S. Marshal arrested the vessel. Additionally, upon information and belief, all vessel owners, operators and owners *pro hac vice*, are named defendants and have or will in due course receive actual notice of this lawsuit along with a Summons, informing them of the action in rem against the vessel.

6. Attached hereto as Exhibit A is a copy of the United States Coast Guard Abstract of Title showing on the last page,

>MISSISSIPPI RIVER BANK
>BELLE CHASSE-MAIN OFFICE
>8435 HWY 23
>BELLE CHASSE LA 70037

as the sole mortgagee under a February 25, 2013 instrument, and no other recorded claims, liens or mortgages of record as of January 4, 2021.

7. Mover desires that this Court direct the manner in which notice of the commencement of this action and arrest shall be given pursuant to 46 USC §31325(d)(1) including to any lien claimants and mortgagees, including as to Mississippi River Bank. Upon information and belief, Mississippi River Bank has designated with the Louisiana Office of Financial Institutions, Lisa Works, its President and Chief Operating Officer at 8435 Hwy 23, Belle Chasse, LA 70037 as its agent for service.

8. Additionally, Supplemental Admiralty Rule C(4), pertinently provides for publication as follows:

> "**Notice**. . . . If the property is not released within 14 days after execution, the plaintiff must promptly--or within the time that the court allows--give public notice of the action and arrest in a newspaper <u>designated by court order</u> and having general circulation in the district, but publication may be terminated if the property is released before publication is completed. The notice must specify the time under Rule C(6) to file a statement of interest in or right against the seized property and to answer…."

FRCP SUPP AMC Rule C. (emphasis added).

9. Additionally, Local Admiralty Rule 64.1 provides:

> **"Publication and Time to Claim and Answer Where Publication Necessary and Under Supplemental Rule C(4)**
> In all cases where publication is necessary under Admiralty Rule C(4), the time for filing a right of possession or any ownership interest in the property that is the subject of the action is hereby extended for a period of 21 days from the date of the publication.
> The published notice must contain the title and the number of the suit, the date of the arrest and identity of the property arrested, the name of the marshal, and the name and address of the attorney for the plaintiff. It must also state that parties must file their right of possession or any ownership interest in the property that is the subject of the action pursuant to Rule C(6) with the clerk and serve the attorney for plaintiff within 21 days after the date of first publication, or within such other time as may be allowed by the court, and must serve their answers within 21 days after the filing of their right of possession or any ownership interest in the property that is the subject of the action; that, if they do not, default may be entered and condemnation ordered; and that application for intervention under FRCP 24, by persons asserting right of possession or any ownership interest in the property that is the subject of the action or other interests may be untimely if not filed within the time allowed for asserting right of possession or any ownership interest in the property that is the subject of the action."

10. Should the vessel not be released within fourteen (14) days after its arrest, or on or about March 23, 2021, movers desire to publish notice in the TIMES PICAYUNE/THE NEW ORLEANS ADVOCATE in the form substantially similar as Exhibit B attached hereto, which notice will be made once a week for two consecutive weeks.

WHEREFORE, Plaintiffs, Robert M. Champagne, III and Elizabeth G. Champagne, pray that this motion be granted and that an Order be issued directing: (i) that notice may be given of

the commencement of this action and of the arrest to the mortgagee of the defendant vessel M/V UNCLE JOHN (Official No. 545297) at the addresses of the mortgagee shown in the Abstract of Title attached hereto as Exhibit A, care of is President and Chief Operating Officer; and (ii) that notice be given to any and all other interested persons and claimants, if same can be found, by publication in the TIMES PICAYUNE/THE NEW ORLEANS ADVOCATE of a notice in the form substantially similar as Exhibit "B" attached hereto, and made once a week for two (2) successive weeks.

                                            Respectfully submitted,

                                            /s/ *Andrew J. Brien*
                                            Robert S. Stassi (#25259)
                                            Seth E. Bagwell (#33713)
                                            Andrew J. Brien (#37051)
                                            CARVER, DARDEN, KORETZKY, TESSIER,
                                            FINN, BLOSSMAN & AREAUX, LLC
                                            1100 Poydras Street, Suite 3100
                                            New Orleans, Louisiana 70163
                                            Telephone: (504) 585-3800
                                            Telecopier: (504) 585-3801
                                            stassi@carverdarden.com
                                            bagwell@carverdarden.com
                                            brien@carverdarden.com

                                            Attorneys for Plaintiffs,
                                            Robert M. Champagne, III
                                            and Elizabeth G. Champagne

<u>Certificate of Service</u>

I certify that on March 18, 2021, I electronically filed this document with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel who are Filing Users, and that service was accomplished this date on any party or counsel who is not a Filing User in accordance with the Federal Rules of Civil Procedure and the local rules.

/s/ *Andrew J. Brien*

4815-1268-8353, v. 1