UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT M. CHAMPAGNE III, ET AL. | * | CIVIL ACTION NO. 21-476 |
| VERSUS | * | SECTION: "A"(1) |
| M/V UNCLE JOHN, ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | MAGISTRATE JUDGE JANIS VAN MEERVELD |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss Counterclaim (Rec. Doc. 35)** filed by Plaintiffs/Counter-Defendants, Robert M. Champagne III and Elizabeth G. Champagne. Counter-claimant Alexis Marine, LLC opposes the motion. The motion, submitted for consideration on June 9, 2021, is before the Court on the briefs without oral argument.

The main demand in this case is a maritime allision action for damages. The plaintiffs, Robert M. Champagne III and Elizabeth G. Champagne, own waterfront property in Houma, Louisiana. Plaintiffs allege that on March 10, 2020, the M/V UNCLE JOHN lost control and ran aground causing extensive damage to the erosion protection concrete bank cover located on their property. On March 8, 2021, Plaintiffs filed suit in this Court against Alexis Marine, LLC *in personam* as owner of the UNCLE JOHN, against A&T Maritime Logistics, LLC as the vessel's operator, and against the UNCLE JOHN *in rem*. The United States Marshal for this district arrested the vessel pursuant to a warrant issued by this Court, (Rec. Doc. 11, Warrant), Sea Sales, LLC was appointed substitute custodian, (Rec. Doc. 8, Order), and the Court granted an order to permit the vessel to move within the district (Rec. Doc. 15, Order). Unfortunately, the towing

1

Case 2:21-cv-00476-JCZ-JVM   Document 44   Filed 06/15/21   Page 2 of 4

contractor hired by Sea Sales, LLC, acting in contravention to the instructions provided, towed the vessel to an unauthorized location and in doing so caused damage to the UNCLE JOHN's propulsion system. It is undisputed that when this occurred the vessel was in the custody of Sea Sales, LLC and that Plaintiffs were not involved in and had no contemporaneous knowledge of the towing detour that damaged the UNCLE JOHN. It is the Court's understanding that Sea Sales, LLC accepted responsibility for the damage to the UNCLE JOHN and paid for the necessary repairs.

At this time the vessel remains under arrest and while Alexis Marine complains of financial hardship as a result of being deprived of its vessel, it has made no attempt to post a bond in order to secure the vessel's release. In fact, Plaintiffs advise that they have learned that Alexis Marine had no insurance to cover the damage that the UNCLE JOHN caused to their property, and that it has become apparent that Alexis Marine lacks the financial ability to obtain a bond in order to regain its vessel. Plaintiffs posit that their sole means of recourse for their property damage will be to have the vessel sold at auction.

In response to Plaintiffs' claim, Alexis Marine counter-claimed contending that there *could be* additional damage to the UNCLE JOHN and that the repairs *may possibly* have not been done properly, (Rec. Doc. 26, Counter-Claim ¶¶ VII-VIII), and that if there are any such problems then Plaintiffs are responsible.

Plaintiffs have moved to dismiss the counter-claim arguing that there is no basis in maritime law to hold them liable. The Court agrees. There are no facts alleged that suggest that Plaintiffs had any involvement whatsoever in the towing detour that damaged the UNCLE JOHN, or even the hiring of the towing contractor. There are

likewise no facts alleged that would suggest that Plaintiffs acted imprudently or negligently in hiring Sea Sales as the substitute custodian. Alexis Marine points to no authority under maritime law that would make a seizing creditor like Plaintiffs liable for the acts of the substitution custodian simply by hiring him, without more.

Alexis Marine's entire theory, as explained in its opposition, is that it was unnecessary for Plaintiffs to have the vessel arrested but even this assertion is contrary to the facts in this case. Pretermitting the fact that Alexis Marine cannot even allege extant damage to the UNCLE JOHN in light of the repairs that were effected (allegedly with its approval no less), as pointed out by Plaintiffs, aside from having the vessel arrested in order to perfect their *in rem* claim against the vessel, their only recourse for the property damage that they sustained will likely be to have the UNCLE JOHN sold at auction. Besides not maintaining insurance of its own for damage caused by its vessel, Alexis Marine apparently did not verify that the charterer on the day of the incident carried the insurance required under that agreement. And Alexis Marine's argument that the hold harmless language in favor of the United States and the United States Marshal somehow inures to its benefit is meritless.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Counterclaim (Rec. Doc. 35)** filed by Plaintiffs/Counter-Defendants, Robert M. Champagne III and Elizabeth G. Champagne is **GRANTED**. The counter-claim asserted by Alexis Marine, LLC and the M/V UNCLE JOHN and against Plaintiffs/Counter-Defendants, Robert M. Champagne III and Elizabeth G. Champagne, is **DISMISSED**.

June 15, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE