# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  | CIVIL ACTION |  |
|---|---|---|---|
| **Robert M. Champagne, III**, *et al.* | No. | | **21-CV-476** |
| versus | Section: | | **A** |
| **M/V UNCLE JOHN**, *et al.* | Judge: | | **Zainey** |
| | Magistrate Judge: | | **van Meerveld** |

**Answer to Cross-claim of
A & T Marine Logistics, LLC,
and
Counterclaim against A & T Marine Logistics, LLC,
Filed on Behalf of RLI Insurance Company**

Now into court, through undersigned counsel, comes RLI Insurance Company, made a defendant in cross-claim in the cross-claim filed on behalf of A & T Marine Logistics, LLC ["A&T"], and responds to that cross-claim ["A&T Cross-claim"] as follows:

## I.    Categorical Responses

1.    The statements contained in paragraph 1 of the A&T Cross-claim are not allegations of fact and therefore do not require a response.

2.    The allegations contained in paragraph 2 of the A&T Cross-claim are admitted only insofar as they aver that RLI Insurance Company is a foreign insurer

authorized to do and doing business within the jurisdictional confines of the United States District Court for the Eastern District of Louisiana.

3.      The allegations contained in paragraph 3 of the A&T Cross-claim are denied for a lack of sufficient information to justify a belief in their accuracy.

4.      The allegations contained in paragraph 4 of the A&T Cross-claim are admitted only insofar as they aver that RLI issued a certain policy bearing number HUL0200253.  The allegations contained in paragraph 4 of the A&T Cross-claim are denied insofar as the aver any coverage under any policy of insurance issued by RLI for A&T or for any of the claims asserted in this action.  That policy is the best and only evidence of its terms and conditions, and any of the allegations contained in paragraph 4 of the A&T Cross-claim that are at variance therewith are denied.

5.      The allegations contained in paragraph 5 of the A&T Cross-claim are admitted only insofar as they aver that M/V UNCLE BLUE was the only vessel scheduled on RLI policy HUL0200253.  In all other respects, the allegations contained in paragraph 5 of the A&T Cross-claim are denied for lack of sufficient information to justify a belief in their accuracy.

6.      The allegations contained in paragraph 6 of the A&T Cross-claim are denied for lack of sufficient information to justify a belief in their accuracy.

7.      The allegations contained in paragraph 7 of the A&T Cross-claim are denied for lack of sufficient information to justify a belief in their accuracy.

8.      The allegations contained in paragraph 8 of the A&T Cross-claim are denied for lack of sufficient information to justify a belief in their accuracy.

9.      The allegations contained in paragraph 9 of the A&T Cross-claim are denied for lack of sufficient information to justify a belief in their accuracy.

10.     The allegations contained in paragraph 10 of the A&T Cross-claim are denied for lack of sufficient information to justify a belief in their accuracy.

11.     The allegations contained in paragraph 11 of the A&T Cross-claim are denied for lack of sufficient information to justify a belief in their accuracy.

12.     The allegations contained in paragraph 12 of the A&T Cross-claim are admitted only insofar as they allege that A&T received notice of the underlying lawsuit. The allegations are denied insofar as they aver that A&T gave prompt notice to RLI.

13.     The allegations contained in paragraph 13 of the A&T Cross-claim are admitted only insofar as they aver that RLI issued a certain policy bearing number HUL0200253.  The allegations contained in paragraph 13 of the A&T Cross-claim are denied insofar as they aver any coverage under any policy of insurance issued by RLI for A&T or for any of the claims asserted in this action.  That policy is the best and only evidence of its terms and conditions, and any of the allegations contained in paragraph 13 of the A&T Cross-claim that are at variance therewith are denied.

14.     The allegations contained in paragraph 14 of the A&T Cross-claim are admitted

3

only insofar as they aver that RLI issued a certain communication to A&T.  The allegations contained in paragraph 4 of the A&T Cross-claim are denied insofar as the aver any coverage under any policy of insurance issued by RLI for A&T or for any of the claims asserted in this action.  That communication is the best and only evidence of its contents, and any of the allegations contained in paragraph 14 of the A&T Cross-claim that are at variance therewith are denied.

15. The allegations contained in paragraph 15 of the A&T Cross-claim are denied.

16. The allegations contained in paragraph 16 of the A&T Cross-claim are denied.

17. The allegations contained in paragraph 17 of the A&T Cross-claim are denied insofar as the aver or seek any coverage under any policy of insurance issued by RLI for A&T or for any of the claims asserted in this action.  RLI denies that it owes any insurance coverage of any sort to A&T for any of the claims asserted against A&T in this action, and asserts all terms and conditions, endorsements, cancellations, limits, warranties, exclusions, declarations, and deductibles, as though the RLI Policy were reproduced here *in extenso*.

18. The allegations contained in paragraph 18 of the A&T Cross-claim are denied insofar as the aver or seek any coverage under any policy of insurance issued by RLI for A&T or for any of the claims asserted in this action, and asserts all terms and conditions, endorsements, cancellations, limits, warranties, exclusions, declarations, and deductibles, as though the RLI Policy were reproduced here *in extenso*.

## II.    Affirmative Defenses

### Defense No. 1

The claims asserted by A&T are barred by prescription, a statute of limitations, the equitable doctrine of laches, or otherwise due to the passage of time.

### Defense No. 2

The A&T Cross-claim fails to state a claim upon which relief can be granted.

### Defense No. 3

RLI denies any liability of any sort to A&T.

### Defense No. 4

RLI issued a policy of marine insurance to the named insured A & T Maritime Logistics, LLC, bearing policy number HUL0200253 ["RLI Policy"].  RLI asserts each and every provision of the RLI Policy, including, without limitation, all of the RLI Policy's terms and conditions, endorsements, cancellations, limits, warranties, exclusions, declarations, and deductibles, as though the RLI Policy were reproduced here *in extenso*.

### Defense No. 5

M/V UNCLE JOHN was not insured under the RLI Policy.

### Defense No. 6

A&T was not insured under the RLI Policy for any liability arising in any way out of the operation or other use or liability of M/V UNCLE JOHN.

**Defense No. 7**

No insurance, *in rem* or otherwise, is afforded by the RLI Policy to A&T OR M/V UNCLE JOHN.

**Defense No. 8**

No insurance, *in rem, in personam* or otherwise, is afforded by the RLI Policy to, or for the benefit of, A&T with respect to any of the claims asserted by the plaintiffs in the main demand.

**Defense No. 9**

The only vessel insured by the RLI Policy was M/V UNCLE BLUE.

**Defense No. 10**

The only vessel insured by the RLI Policy was not involved in the allision alleged by the plaintiffs in the main demand, namely the allision alleged in paragraph 7 of the Verified Complaint filed in this action ["Allision"] or as alleged in paragraph 14 of the A&T Cross-claim.

**Defense No. 11**

Each and every claim asserted under the RLI Policy has a $10,000 deductible.

**Defense No. 12**

The RLI Policy was cancelled at the request of A&T.

**Defense No. 13**

If and only if it is determined that the RLI Policy provides any insurance arising out of the operation or other use of, or for, M/V UNCLE JOHN, the arrest of M/V UNCLE

JOHN was outside of the policy period of the RLI Policy.

**Defense No. 14**

If and only if it is determined that the RLI Policy provides any insurance arising out of the operation or other use of, or for, M/V UNCLE JOHN, the arrest of M/V UNCLE JOHN is not covered by the RLI Policy.

**Defense No. 15**

The RLI Policy provides no insurance for the claims asserted by the plaintiffs in the main demand.

**Defense No. 16**

The RLI Policy provides no insurance in connection with the arrest of M/V UNCLE JOHN.

**Defense No. 17**

The RLI Policy provides no insurance in connection with any liability arising out of the operation or other use of M/V UNCLE JOHN.

**Defense No. 18**

A&T breached its obligations in the "CLAIMS (GENERAL PROVISIONS)" section of the RLI Policy to provide "prompt notice of any accident or occurrence which could give rise to a claim under" the RLI Policy, thereby voiding coverage for any claims arising out of the Allision.

**Defense No. 19**

A&T breached its obligations to provide "prompt notice of any accident or occurrence which could give rise to a claim under" the RLI Policy, thereby causing actual prejudice to RLI and thereby voiding coverage for arising out of the Allision.

**Defense No. 20**

A&T breached its warranty in the RLI Policy "that in the event of any occurrence which may result in loss, damage and/or expense for which [RLI] is or may become liable, [A&T] will use due diligence to give prompt notice thereof and forward to [RLI] as soon as practicable after receipt thereof, all communications, processes, pleadings and other legal papers or documents related to such occurrences." As a result of this breach of warranty by A&T, there is no insurance under the RLI Policy for any claims arising out of the Allision.

**Defense No. 21**

A&T's breach of its warranty in the RLI Policy "that in the event of any occurrence which may result in loss, damage and/or expense for which [RLI] is or may become liable, [A&T] will use due diligence to give prompt notice thereof and forward to [RLI] as soon as practicable after receipt thereof, all communications, processes, pleadings and other legal papers or documents related to such occurrences" caused actual prejudice to RLI and thereby voided coverage for any claims arising out of the Allision.

**Defense No. 22**

RLI owes no duty to defend any person or any vessel under the RLI Policy with respect to any of the claims asserted in this action.

**Defense No. 23**

The RLI Policy does not cover any loss, damage or expense under the terms of the Hull Clauses or Form that is a part of the RLI Policy where any other insurance is available that fully covers M/V UNCLE JOHN, including any insurance that covers the vessel, whether obtained by A&T, Alexis Marine, LLC ["Alexis Marine"], or any other entity.

**Defense No. 24**

The RLI Policy does not cover any loss, damage, or expense arising from the cancellation or breach of any charter by A&T.

**Defense No. 25**

There was no bareboat charter, charter party, or other agreement between Alexis Marine and A&T regarding M/V UNCLE JOHN that was ever relayed to RLI prior to the Allision.

**Defense No. 26**

There was no bareboat charter, charter party, or other agreement between Alexis Marine and A&T regarding M/V UNCLE JOHN that was ever relayed to RLI prior to the filing of the Verified Complaint in this action, or the arrest of M/V UNCLE JOHN.

**Defense No. 27**

At no time did A&T request Alexis Marine be named as an additional insured under the RLI Policy.

**Defense No. 28**

At no time did A&T request M/V UNCLE JOHN be added as an insured vessel under the RLI Policy.

**Defense No. 29**

At no time did A&T notify RLI that it acquired or entered into a bareboat charter, charter party, or other agreement under which it took possession or operational control over M/V UNCLE JOHN.

**Defense No. 30**

By not providing any notice to RLI that it acquired or entered into a bareboat charter, charter party or other agreement under which it took possession or operational control over M/V UNCLE JOHN, A&T did not engage or trigger any rights it may have had under the Automatic Attachment Clause contained in the General Conditions of the RLI Policy.

**Defense No. 31**

The RLI Policy contains a Notice of Loss provision that reads as follows:

Warranted that in the event of any occurrence which may result in loss, damage and/or expense for which this Company [RLI] is or may become liable, the Assured [A&T] will use due diligence to give prompt notice thereof and forward to this Company and/or the Agent or Broker of Record that arrange this

insurance, as soon as practicable after receipt thereof, all communications processes, pleading and other legal papers or documents related to such occurrences.

Within sixty (60) days after the loss, unless such time is extended in writing by this company, the insured shall render to this Company a proof of loss, signed and sworn by the Insured, stating knowledge and belief of the Insured as to the following: the time and origin of the loss, the interest of the Insured and of all other in the property, the actual cash value of each item and origin of the loss thereto, all encumbrances thereon, all other contracts of insurance, whether valid or not, covering any said property, any changes in the title, use, occupation, location possession or exposures of said property since the issuing of this Policy, and if required and obtainable, verified plans and specifications of any vessel, equipment, fittings or machinery lost or damaged.  The Insured as often as may be reasonably required, shall exhibit to any person designated by this Company, all that remains of any property herein described, and submit to examinations under oath by any person named by this Company, and subscribe the same; and, as often as may be reasonably required, shall produce for any person designated by this Company vouchers, or certified copies thereof if originals be lost, at such reasonable time and place as may be designated by this Company or its representative, and shall permit extracts and copies thereof to be made.

Whenever required by this Company, the Assured shall aid in securing information, evidence, and in obtaining of witnesses, and shall cooperate with this Company (except in a pecuniary way) in the defense of any claim or suit or in the appeal from any judgment, in respect of any occurrence as herein before provided.

### Defense No. 32

A&T breached the warranty contained in the Notice of Loss provision by failing to give any notice of the Allision.

### Defense No. 33

A&T breached the warranty contained in the Notice of Loss provision by failing to render a proof of loss, as described in the Notice of Loss provision, within 60 days of the Allision.

**Defense No. 34**

The RLI Policy contains an Other Insurance Clause that reads as follows:

This Policy is excess over any other insurance, whether primary, excess, contingent or in any other basis, whether prior or subsequent hereto, and by whomsoever effected, directly or indirectly covering loss or damage insured hereunder, in this Company shall be liable only for the excess of such loss or damage beyond the amount due from such other insurance, whether collectible or not, however, up to, but not exceeding, the limits of this Policy is set forth in the declarations.

**Defense No. 35**

To the extent there is any other insurance of any sort that provides any insurance coverage to A&T and/or M/V UNCLE JOHN, either *in personam* or *in rem*, the RLI Policy is excess over any other such insurance.

**Defense No. 36**

A&T warranted that a copy of the Certificate of Insurance would be submitted to RLI within thirty (30) days of entering into any contract that may have obligated A&T to indemnify and/or hold harmless any other party, including Alexis Marine or M/V UNCLE JOHN.

**Defense No. 37**

A&T did not at any time submit to RLI a Certificate of Insurance after entering into any purported contract with Alexis Marine that would have obligated A&T to indemnify and/or hold harmless Alexis Marine with respect to M/V UNCLE JOHN, thereby precluding any insurance coverage under the RLI Policy for either the indemnification obligation, hold harmless obligation and/or any obligation to name Alexis Marine as an

additional Assured under the RLI Policy.

## Defense No. 38

To the extent any insurance is owed under the RLI Policy, it is for reimbursements only to A&T as the loss payee.

## Defense No. 39

Any losses sustained by Alexis Marine for which it seeks recovery against A&T were caused through Alexis Marine's own fault.

## Defense No. 40

Any losses sustained by Alexis Marine for which it seeks recovery against A&T were caused through the fault of other parties for whom RLI is not responsible.

## Defense No. 41

Alexis Marine has failed to mitigate its damages, thereby estopping it from recovering any amounts from RLI or A&T.

## Defense No. 42

A&T has failed to mitigate its damages, thereby estopping it from recovering any amounts from RLI.

## Defense No. 43

A&T has exacerbated its damages, thereby estopping it from recovering any amounts from RLI.

## Defense No. 44

A&T failed to abide by the terms of a settlement agreement it reached with the

plaintiffs in the main demand, thereby estopping it from recovering any amounts from RLI.

### Defense No. 45

A&T failed to abide by the terms of a settlement agreement ir reached with the plaintiffs in the main demand, thereby estopping it from recovering from RLI any amounts in excess of the settlement agreement.

### III.   Counterclaim

And now, assuming the position of plaintiff-in-counterclaim, RLI avers as follows:

1.    Made defendant-in-counterclaim are A & T Maritime Logistics, LLC ["A&T"] being also the plaintiff-in-cross-claim that named RLI as a defendant-in-cross-claim in the A&T Cross-claim.

2.    RLI incorporates and reavers each and every response, allegation of fact, and affirmative defense asserted in its foregoing answer to the A&T Cross-claim as though reproduced here *in extenso*.

3.    RLI asserts each and every provision of the RLI Policy, including, without limitation, all of the RLI Policy's terms and conditions, endorsements, cancellations, limits, warranties, exclusions, declarations, and deductibles, as though the RLI Policy were reproduced here *in extenso*.  A certified copy of the RLI Policy is attached as RLI Exhibit 1.

A.      **The RLI Policy**

4.      RLI issued to A & T Maritime Logistics, LLC, RLI Policy No. HUL0200253,

effective January 14, 2020, to January 14, 2020 ["RLI Policy"].

5.      The RLI Policy was cancelled at the request of A&T, as evidenced by Change

Endorsement, bearing endorsement number 2 to the RLI Policy.

6.      Endorsement number 2 of the RLI Policy was effective April 23, 2020.

7.      The RLI Policy contains a "CLAIMS (GENERAL PROVISIONS)" section that

provides as follows:

> In the event of any accident or occurrence which could give rise to a claim
> under this Policy, prompt notice thereof shall be given to the
> Underwriters...

["General Notice Provision"].

8.      The RLI Policy contains a "Prompt Notice Of Claim" section that provides as

follows:

> Warranted that in the event of any occurrence which may result in loss,
> damage and/or expense for which this Assurer is or may become liable, the
> Assured will use due diligence to give prompt notice thereof and forward
> to the Assurer as soon as practicable after receipt thereof, all
> communications, processes, pleadings and other legal papers or documents
> related to such occurrences.

["Prompt Notice Warranty"].

9.      The RLI Policy contains an Other Insurance Clause that reads as follows:

> This Policy is excess over any other insurance, whether primary, excess,
> contingent or in any other basis, whether prior or subsequent hereto, and
> by whomsoever effected, directly or indirectly covering loss or damage
> insured hereunder, in this Company shall be liable only for the excess of
> such loss or damage beyond the amount due from such other insurance,

whether collectible or not, however, up to, but not exceeding, the limits of this Policy is set forth in the declarations.

["Other Insurance Clause"].

10.     The RLI Policy contains the following provision:

Notwithstanding anything to the contrary contained in this Policy, no liability attaches to the Answer:

For any loss, damage, or expense arising from the cancellation or breach of any charter, bad debts, fraud of agents, insolvency, loss of freight higher or demurrage, or as result of the breach of any undertaking to load any cargo, or in respect to the Vessel named herein engaging in any unlawful trade or performing any unlawful act, with the knowledge of the Assured.

["Breach of Charter Exclusion"].

11.     The RLI Policy contains an AUTOMATIC ATTACHMENT CLAUSE that provides as follows:

This Policy is extended to cover automatically any additional Vessels acquired by the Assured by purchase or bareboat charter.  It is also extended to cover the interest of the Owners of any such Vessel if required by agreement between Assured and Owner.

* * *

The Assured agrees to report as soon as practicable such additional Vessel(s) and/or interests.  This insurance shall not be prejudiced by any unintentional delay or omission in making such reports, or any unintentional error in the value or description of vessel(s) to be reported, if prompt notice be given to the Company as soon as said delay or omission or error becomes known to the Assured and the premium shall be adjusted, as required.

["Automatic Attachment Clause"].

12.     The RLI Policy contains a NOTICE OF LOSS section that reads as follows:

Warranted that in the event of any occurrence which may result in loss, damage and/or expense for which this Company is or may become liable, the Assured will use due diligence to give prompt notice thereof and

forward to this Company and/or the Agent or Broker of Record that arrange this insurance, as soon as practicable after receipt thereof, all communications processes, pleading and other legal papers or documents related to such occurrences.

Within sixty (60) days after the loss, unless such time is extended in writing by this company, the insured shall render to this Company a proof of loss, signed and sworn by the Insured, stating knowledge and belief of the Insured as to the following: the time and origin of the loss, the interest of the Insured and of all other in the property, the actual cash value of each item and origin of the loss thereto, all encumbrances thereon, all other contracts of insurance, whether valid or not, covering any said property, any changes in the title, use, occupation, location possession or exposures of said property since the issuing of this Policy, and if required and obtainable, verified plans and specifications of any vessel, equipment, fittings or machinery lost or damaged.  The Insured as often as may be reasonably required, shall exhibit to any person designated by this Company, all that remains of any property herein described, and submit to examinations under oath by any person named by this Company, and subscribe the same; and, as often as may be reasonably required, shall produce for any person designated by this Company vouchers, or certified copies thereof if originals be lost, at such reasonable time and place as may be designated by this Company or its representative, and shall permit extracts and copies thereof to be made.

Whenever required by this Company, the Assured shall aid in securing information, evidence, and in obtaining of witnesses, and shall cooperate with this Company (except in a pecuniary way) in the defense of any claim or suit or in the appeal from any judgment, in respect of any occurrence as herein before provided.

["Notice of Loss Warranty"].

13.   The RLI Policy contains a Privilege to Name Additional Assureds section that

reads as follows:

It is hereby understood and agreed that, where required by contract, agreement or otherwise, the Assured is granted privilege to include hereunder other parties as additional Assureds.  However, any loss shall be payable as provided elsewhere in this Policy.

["Additional Assured Privilege"].

14.     The RLI Policy contains a Contractual Liability Extension, that provides as follows:

> Subject otherwise to all the terms, conditions and limitations of the Policy, this Policy is extended to insure contractual liability of the Insured arising out of Hold Harmless and/or Indemnity Agreements contained in such contracts as have been or may be entered into by the Insured for furnishing of Insured Vessels' services and naming of such parties, their affiliates, and/or subsidiaries and/or interrelated companies as additional Assureds, their affiliates and/or subsidiaries and/or interrelated companies. However, it is specifically understood and agreed that the naming of more than one Assured hereunder shall not increase the liability of this Company or otherwise alter any terms and/or conditions of this Policy.
>
> * * *
>
> It is further warranted that a copy of the Certificate of Insurance be submitted to the Company within thirty (30) days of the entering into the contract.

["Thirty-day Certificate Warranty"].

15.     The RLI Policy does not contain any provision that obligates RLI to defend.

16.     The only vessel scheduled in the RLI Policy was M/V UNCLE BLUE.

**B.     The Allision and the Arrest**

17.     On March 10, 2020, M/V UNCLE JOHN allegedly allided with an erosion protection concrete bank cover owned by Robert M. Champagne, III and Elizabeth G. Champagne, plaintiffs in the main demand ["Allision"].

18.     M/V UNCLE BLUE was not involved in the Allision.

19.     A&T had actual knowledge of the Allision on or about March 10, 2020.

20.     The arrest of M/V UNCLE JOHN was sought and obtained by the plaintiffs in the

main demand on or about March 8, 2021.

21.   RLI was first notified of the Allision on March 9, 2021, when A&T provided

notice of this action and the arrest of the M/V UNCLE JOHN.

### C.      Other Factual Background

22.   It was never requested that Alexis Marine be named as an Insured or an

additional insured under the RLI Policy.

23.   A&T did not submit to RLI a certificate of insurance identifying Alexis Marine

as an additional insured related to the M/V UNCLE JOHN.

24.   A&T did not submit to RLI a certificate of insurance identifying any contract,

hold harmless agreement, or indemnity agreement related to the M/V UNCLE JOHN.

25.   Alexis Marine was not named as an Insured or an additional insured under the

RLI Policy.

26.   IT was never requested that M/V UNCLE JOHN be named or scheduled as an insured

vessel under the RLI Policy.

27.   M/V UNCLE JOHN was not named or scheduled as an insured vessel under the RLI

Policy.

28.   No notice was given to RLI of A&T chartering, by bareboat or otherwise, M/V

UNCLE JOHN until March 10, 2021, one year after the Allision.

29.   A&T undertook direct negotiations with the plaintiffs in the main demand as

admitted in paragraph 10 of the A&T Cross-claim.

30.   A&T gave no notice to RLI of A&T's negotiations with the plaintiffs in the main

demand prior to A&T filing and serving the A&T Cross-claim.

### Count 1
Breach of General Notice Provision

31.   A&T breached the General Notice Provision by failing to provide prompt notice of the Allision, thereby voiding any coverage under the RLI Policy.

32.   A&T breached the General Notice Provision by failing to provide prompt notice of the Allision, thereby causing actual prejudice to RLI and thereby voiding coverage under the RLI Policy.

33.   RLI is entitled to, and hereby seeks, a declaration that it owes no coverage under the RLI Policy to A&T.

### Count 2
Breach of Prompt Notice Warranty

34.   A&T breached the Prompt Notice Warranty by failing to use due diligence to give prompt notice to RLI of the Allision, thereby voiding any coverage under the RLI Policy.

35.   A&T breached the Prompt Notice Warranty by failing to forward to RLI as soon as practicable all communications, processes, pleadings and other legal papers or documents related to the Allision, thereby voiding any coverage under the RLI Policy.

36.   A&T breached the Prompt Notice Warranty by failing to use due diligence to give prompt notice to RLI of the Allision, thereby causing actual prejudice to RLI, and thereby voiding any coverage under the RLI Policy.

37.  A&T breached the Prompt Notice Warranty by failing to forward to RLI as soon as practicable all communications, processes, pleadings and other legal papers or documents related to the Allision, thereby causing actual prejudice to RLI, and thereby voiding any coverage under the RLI Policy.

38.  RLI is entitled to, and hereby seeks, a declaration that it owes no coverage under the RLI Policy to A&T.

### Count 3
Other Insurance Clause

39.  To the extent A&T, Alexis Marine or M/V UNCLE JOHN had any other insurance available to cover any of their respective liabilities, or to secure the release of the arrest of M/V UNCLE JOHN, RLI's obligations under the RLI Policy, if any, are, pursuant to the Other Insurance Clause, excess of such loss or damage beyond the amount due from such other insurance, whether collectible or not, however, up to, but not exceeding, the limits of this Policy is set forth in the declarations.

40.  RLI is entitled to, and hereby seeks, a declaration that it owes no coverage under the RLI Policy to A&T and/or that any coverage that may be provided by the RLI Policy is excess over any such other insurance available to A&T, Alexis Marine and/or M/V UNCLE JOHN.

### Count 4
Breach of Charter Exclusion

41.  To the extent A&T seeks indemnity, reimbursement or recover of defense costs related to Alexis Marine or M/V UNCLE JOHN seeking any recovery against A&T

due to A&T's breach of any agreement (including any alleged bareboat charter or charter parties) to procure and obtain insurance, all such claims are, pursuant to the Breach of Charter Exclusion, excluded from coverage under the RLI Policy.

42.   RLI is entitled to, and hereby seeks, a declaration that it owes no coverage under the RLI Policy to A&T for any such claims.

### Count 5
Automatic Attachment Clause

43.   A&T failed to fulfill the condition precedent established in the Automatic Attachment Clause to report to RLI as soon as practicable A&T's bareboat charter of, or other interest in, M/V UNCLE JOHN.

44.   As a result of the failure by A&T to fulfill the condition precedent established in the Automatic Attachment Clause to report to RLI as soon as practicable A&T's bareboat charter of, or other interest in, M/V UNCLE JOHN, any rights A&T may have had to have coverage under the RLI Policy attach to the M/V UNCLE JOHN was waived, and A&T is estopped from having M/V UNCLE JOHN be, or be named as, an insured or scheduled vessel under the RLI Policy.

45.   RLI is entitled to, and hereby seeks, a declaration that it owes no coverage under the RLI Policy to A&T.

### Count 6
Notice of Loss Warranty

46.   A&T breached the Notice of Loss Warranty by failing to use due diligence to give notice of the Allision to RLI or to forward to RLI any communications, processes,

pleadings or other legal papers or documents related to the Allision.

47.   A&T did not render to RLI, within 60 days of the Allision, a proof of loss, signed and sworn by A&T, stating the time and origin of the Allision.

48.   A&T breached the Notice of Loss Warranty by failing to render to RLI, within 60 days of the Allision, a proof of loss, signed and sworn by A&T, stating the time and origin of the Allision and all other data required by the Notice of Loss Warranty.

49.   As a result of the breach of the Notice of Loss Warranty by A&T, any coverage that may otherwise be available to A&T under the RLI Policy is voided, and A&T is estopped from obtaining any insurance under the RLI Policy.

50.   RLI is entitled to, and hereby seeks, a declaration that it owes no coverage under the RLI Policy to A&T.

**Count 7**
Additional Assured Privilege and Thirty-day Certificate Warranty

51.   A&T never exercised any rights it may have had under the Additional Assured Privilege to name Alexis Marine or M/V UNCLE JOHN as an additional assured under the RLI Policy.

52.    A&T did not submit to RLI a certificate of insurance within 30 days of entering into any contract, hold harmless agreement, or indemnity agreement with Alexis Marine or related to M/V UNCLE JOHN.

53.   By failing to submit a certificate of insurance within 30 days of entering into any such contract or agreement relating to M/V UNCLE JOHN, A&T breached its

warranty under the Thirty-day Certificate Warranty.

54.    As a result of A&T's failure to exercise any rights it may have had under the Additional Assured Privilege and/or its breach of the Thirty-day Certificate Warranty, any coverage that may otherwise have been available to A&T, Alexis Marine or M/V UNCLE JOHN under the RLI Policy was never given effect, and Alexis Marine and M/V UNCLE JOHN are therefore not entitled to any insurance under the RLI Policy.

55.    As a result of A&T's failure to exercise any rights it may have had under the Additional Assured Privilege and/or its breach of the Third-day Certificate Warranty, and such failure gives rise to a claim by Alexis Marine or M/V UNCLE JOHN against A&T, there is no coverage to A&T for such claims.

56.    RLI is entitled to, and hereby seeks, a declaration that it owes no coverage under the RLI Policy to A&T, Alexis Marine or M/V UNCLE JOHN.

**Count 8**
No Duty to Defend

57.    The RLI Policy contains no provision under which it agreed to defend any person or entity, including A&T.

58.    RLI is entitled to, and hereby seeks, a declaration that it owes no duty to defend A&T.

**Count 9**
Failure to Abide by Settlement

59.  A&T reached a settlement agreement with the landowner whose property was damaged by the Allision to pay $2,500 in satisfaction of any claims for damage to the erosion protection concrete bank cover allegedly caused by the Allision.

60.  The settlement agreement to pay $2,500 was reasonable.

61.  A&T did not pay the $2,500.

62.  A&T breached that settlement agreement by failing to pay the agreed amount.

63.  By failing to pay the agreed amount of the settlement, A&T caused actual prejudice to RLI, thereby voiding coverage for arising out of the Allision.

64.  RLI is entitled to, and hereby seeks, a declaration that it owes no coverage under the RLI Policy to A&T.

**IV.  Prayer for Relief**

Wherefore, RLI Insurance Company prays for judgment as follows:

1.  with respect to the A&T Cross-claim, all claims asserted against RLI by A&T be dismissed with prejudice;

2.  with respect to the counterclaim asserted by RLI against A&T, judgment be entered declaring that RLI Insurance Company provides no insurance under the RLI Policy to A&T for any purpose, including no duty or other obligation

   A.  to provide or pay for any defense or indemnity of A&T, or

   B.  to pay any amounts on behalf, or for the benefit, of A&T; and

3.      with respect to all aspects of this action,

    A.      all costs of these proceedings be assessed against A&T,

    B.      RLI Insurance Company be awarded reasonable attorneys' fees, and

    C.      RLI Insurance Company be awarded any and all other relief that

law, justice and equity require.

> EZKOVICH & CO., LLC
> Alan D. Ezkovich (# 1865), T.A.
> 650 Poydras Street, Suite 1220
> New Orleans, Louisiana 70130
> Telephone:   (504) 593-9899
> Facsimile:   (504) 593-9048
> Email:      Alan.Ezkovich@EzkovichLaw.com

> By:   /s/   Alan D. Ezkovich
>                    E-Signed
>             Alan D. Ezkovich
>             Attorneys for
>             RLI Insurance Company

26