# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

|  |  | CIVIL ACTION |
|---|---|---|
| **Robert M. Champagne, III,** *et al.* | No. | 21-CV-476 |
| versus | Section: | A |
| M/V UNCLE JOHN, *et al.* | Judge: | Zainey |
|  | Magistrate Judge: | van Meerveld |

**Memorandum in Support of Motion for Summary Judgment
Regarding Remedy
Filed on Behalf of RLI Insurance Company**

The Court has ruled that RLI Insurance Company has been prejudiced by the failure A&T Maritime Logistics, Inc. ["A&T"], to provide policy-mandated notice to RLI, but that further briefing was required on the issue of the appropriate remedy to be awarded under the circumstances. Specifically, in granting in part RLI's previous motion for summary judgment, R. Doc. 126, the Court ruled as follows:

> The Court finds that RLI has established actual prejudice as a direct result of A&T Maritime's breach of the policy's notice requirements.
>
> The final step in the Court's analysis is the proper remedy for those breaches. RLI naturally seeks to have the Court declare that all coverage for the allision has been voided due to the breaches. If the policy contained language that either expressly or impliedly required such a draconian result then the Court would not hesitate to enforce that language. But RLI has not pointed out where the policy language requires that harsh result. And the Court is not clear on which binding authority RLI relies upon to have the Court void coverage. A strong argument could be made perhaps that even if coverage was not voided altogether it should be limited to $3500 with no reimbursement for attorney's fees or for any of the expenses that were incurred due to the vessel's arrest. At this time the Court is persuaded

> that summary judgment should be denied without prejudice as to the appropriate remedy for the breaches that occurred and the prejudice sustained. RLI (or the other parties) may file a new narrower motion for summary judgment on the issue (incorporation of prior briefing by reference will not be allowed) but any such motion(s) must be filed by **October 31, 2022**.

Order and Reasons, 11-12 (Zainey, J., Oct. 11, 2022), R. Doc. 140 (emphasis in original).

Accepting the Court's invitation, RLI now moves for summary judgment on the issue of the appropriate remedy. As argued below, RLI specifically moves the court to award it the remedy of dismissal with prejudice of all claims asserted against RLI by Alexis Marine, LLC ["Alexis"], and A&T, and granting RLI's counterclaims against A&T and Alexis, declaring that RLI Insurance Company provides no insurance under the RLI Policy to A&T or Alexis for the claims originally asserted by the plaintiffs in this case.

# I    BACKGROUND AND UNCONTESTED MATERIAL FACTS

## A    SCHEDULE OF EXHIBITS

Exhibit 1:   Court's Order and Reasons, entered October 11, 2022, R. Doc. 140.

Exhibit 2:   Certified copy of RLI Policy no. HUL0200253 ["Policy"].

Exhibit 3:   Deposition Excerpt of T.J. Manuel.

## B    UNDISPUTED MATERIAL FACTS

1. RLI's Policy contains a "Settlement of Claims" section that provides:

   The Assured shall not make any admission of liability, either before or after any occurrence which may result in a claim for which the Assurer may be liable. The Assured shall not interfere in any negotiations of the Assurer, for settlement of any legal proceedings in respect of any occurrences for which the Assurer is liable under this policy; provided, however, that in respect of any occurrence likely to

2

give rise to a claim under this Policy, the Assured are obligated to and shall take steps to protect their (and/or the Assurer's) interests as would reasonably be taken in the absence of this or similar insurance. If the Assured shall fail or refuse to settle any claim as authorized by Assurers, the liability of the Assurer to the Assured shall be limited to the amount for which settlement could have been made.

["Settlement Clause"].  Exh. 2, p. 20 of 39.

2. RLI's Policy contains a "Law Costs" section that provides:

The Assurer shall not be liable for the cost or expense of prosecuting or defending any claim or suit unless the same shall have been incurred with the written consent of the Assurer, or the Assurer shall be satisfied that such approval could not have been obtained under the circumstances without unreasonable delay, or that such costs and charges were reasonably and properly incurred, such cost or expense being subject to the deductible. The cost and expense of prosecuting any claim in which the Assurer shall have an interest by subrogation or otherwise, shall be divided between the Assured and the Assurer, proportionately to the amounts which they would be entitled to receive respectively, if the suit should be successful.

["Law Costs Clause"].  Exh. 2, p. 20 of 39.

3. RLI's Policy contains a $10,000 deductible for property damage ["Deductible"].

Exh. 2, p. 34 of 39.

## II   BACKGROUND

While RLI may disagree with certain aspects of the Court's October 11, 2022, Order and Reasons, Exh. 1, and preserves all objections, RLI must necessarily start with the Court's unquestionably correct conclusion that RLI was in fact prejudiced by the breach by A&T and Alexis of all three notice provisions in RLI's Policy.  Neither A&T nor Alexis provided any notice of the March 7, 2020, allision of M/V UNCLE JOHN with an embankment then owned by Mildred Dampeer, as required by the Prompt Notice of

3

Claim section, Notice of Loss section or general notice provision of RLI's Policy. Exh. 1, p.10. When A&T negotiated a settlement for $3,500 that Ms. Dampeer was willing to accept, Exh. 1, pp.6-7 & 11, its failure to notify RLI precluded any opportunity for RLI to fund or otherwise definitively conclude the damage claim with a formal, written settlement contract.

With the Court having denied, without prejudice, RLI's requested relief for the dismissal of the claims against it, the only issue remaining for the Court to decide is whether dismissal is the appropriate remedy or whether some lesser remedy should be awarded to RLI.

For the reasons that follow, RLI again moves the Court to dismiss the claims asserted against it.

## III   ARGUMENT

### A   BINDING PRECEDENT IMPOSES DISMISSAL AS THE REMEDY

Applying Louisiana law, the United States Fifth Circuit Court of Appeals holds that the failure to provide notice to an insurer, as required by the policy, leads to the denial of coverage for the un-noticed claim. *Peavey Co. v. M/V ANPA*, 971 F.2d 1168 (5th Cir. 1992). In *Peavey*, the Fifth Circuit addressed an insurance policy that required the insured to "promptly" notify the insurer of any occurrence that could lead to a claim or of any actual claim. *Id.* at 1173. The court found that the policy did not make such prompt notice an express condition precedent to coverage. *Id.* Absent that express

condition precedent,[1] the court applied Louisiana law holding that, upon showing actual prejudice due to the late notice by its insured, the insurer could deny a claim altogether and avoid any liability under its policy. *Id.* That has remained the law of this circuit ever since.

For example, in *Thyssen, Inc. v. NOBILITY MV*, 421 F.3d 295 (5th Cir. 2005), the court held that the proof of prejudice offered by the insurer showed actual prejudice to the insurer and, therefore, affirmed the dismissal of all claims against the insurer. *Thyssen*, like *Peavey* before it, relied on *Auster Oil & Gas, Inc. v. Stream*, 891 F.2d 570 (5th Cir. 1990), leading to a 25-year-long string of established precedent recognizing denial of any coverage as the remedy when an insured's failure to provide notice to an insurer prejudices the insurer. Indeed, many of the cases relied on by the Fifth Circuit have approved the denial of any coverage as the appropriate remedy, even when such denial faced the very strong public policy expressed in the Louisiana Direct Action Statute. *See Thyssen*, 421 F.3d at 299-300. In the context of an insured that has direct contractual obligations to the insurer, no less of a remedy should be allowed. When an insurer is found to have suffered actual prejudice due to its insured's breach of the policy's notice requirements, the insurer must be allowed to avoid liability altogether.

Louisiana's state courts, upon which the U.S. Fifth Circuit was obliged to rely when interpreting Louisiana law and establishing that court's precedent, have followed

---

[1] RLI's position remains that the warranties in this marine policy are conditions precedent, obviating the need for actual prejudice. *See Goicoechea v. Louisiana State Insurance Co.*, 6 Mart. (n.s.) 51, 17 Am. Dec. 175 (La. 1827); *City Bank & Trust Co. v. Commercial Casualty Co.*, 176 So. 27 (La. App. 2d Cir. 1937); 14 Ruling Case Law §§ 206-208, p. 1026.

the same uninterrupted path. The leading Louisiana Supreme Court decision is *West v. Monroe Bakery*, 217 La. 189, 46 So.2d 122 (1950). While the court in *West* may not have directly held that avoidance of liability by the insurer due to its prejudice by late notice, its analysis made that remedy clear. Louisiana appellate courts have since found that to be the Supreme Court's implicit ruling. For example, in *Elrod v. P.J. St. Pierre Marine, Inc.*, 95-CA-295 (La. App. 5th Cir. 2/2/96), 663 So.2d 859, the state Fifth Circuit said exactly that:

> The Court in *West* did not directly address the question of whether the insurer can avoid liability by proving it was prejudiced by the lack of notice. But the decision implies that such is the case. The court stated that the injured third party should not be divested of his direct action "except in a very clear case."
>
> *Pomares*,[2] relying on *West*, fully recognized that liability of the insurer could be avoided by proof of prejudice.

*Id.,* at p.9, 663 So. 2d at 863. *See also Haynes v. New Orleans Archdiocesan Cemetaries*, 2011-0261 (La. App. 4th Cir. 12/19/01), 805 So. 2d 320, 323 ("the injured party's right to recover may be defeated if the insurer can demonstrate prejudice from the insured's failure to comply with the policy's notice provisions").

Based on the Court's finding of actual prejudice sustained by RLI due to the breaches of the notice provisions of the Policy, the appropriate remedy recognized by the Fifth Circuit and Louisiana's state courts is for the Court to dismiss all claims asserted against RLI by A&T and Alexis, and grant RLI's counterclaims against them.

  **B**  **THE POLICY REQUIRES DISMISSAL**

---

[2]  *Pomares v. Kansas City Southern Ry. Co.*, 474 So. 2d 976 (La. App. 5th Cir. 1985).

Aside from the Fifth Circuit's recognition of RLI's right to be free of any liability in light of the prejudice it suffered due to A&T's breaches of the notice requirements of the Policy, the Policy itself requires dismissal.

### 1      *The Deductible Exceeds the Settlement Amount with Dampeer*

The Policy contains a $10,000 property damage deductible.  The deductible is deducted from each accident.  The Policy, Ex. 2, pp.6, 8, 23 & 34.

As already found by the Court based on the undisputed facts of RLI's earlier motion for summary judgment,  A&T agreed a $3,500 settlement with Mrs. Dampeer. Exh. 1, pp.6-7 & 11.  That amount is below the Deductible.  It is an amount A&T is required to pay before any liability would ever attach to RLI under any circumstance, assuming that there was coverage for the loss.

While RLI could have funded that amount and then recovered it from A&T, there is no circumstance where RLI can be required to "refund" $3,500 to A&T and then sue to recover it.  Even assuming that RLI would be required to pay A&T and then recover the identical amount, Louisiana law is clear that compensation or setoff extinguishes the obligations to the extent each party owes the other:

> Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due.
>
> In such a case, compensation extinguishes both obligations to the extent of the lesser amount.

La. Civ. Code art. 1893.

Consequently, if somehow RLI were to owe A&T $3,500, A&T would owe the

7

identical amount back to RLI as reimbursement for its deductible, thereby extinguishing the mutual obligations.

### 2   *The Maximum Award is $3,500*

Even assuming for the sake of this argument only that the Fifth Circuit's application of Louisiana law allowing the avoidance of any coverage when actual prejudice is shown by the insurer does not apply, and also assuming that the Deductible does not lead to the remedy requested by RLI, the Policy provides that the maximum amount for which RLI would be responsible is set forth in the Settlement Clause. Aside from precluding A&T from admitting liability to Mrs. Dampeer, that clause provides in relevant part:

> in respect of any occurrence likely to give rise to a claim under this Policy, the Assured are obligated to and shall take steps to protect their (and/or the Assurer's) interests as would reasonably be taken in the absence of this or similar insurance. If the Assured shall fail or refuse to settle any claim as authorized by Assurers, the liability of the Assurer to the Assured shall be limited to the amount for which settlement could have been made.³

This clause presumes that RLI was actually informed of the claim before it makes any sense. That is part of the non-economic prejudice suffered by RLI: it was unable to negotiate, pay or otherwise settle the claim. The last sentence also assumes RLI knew about the claim, but it requires A&T to settle any claim authorized by RLI, and if it does

---

³ The Court noted this provision in footnote 7 of its Order and Reasons, Exh. 1, p.9 n.7. While any admission of liability certainly would have violated this clause, the plaintiffs did not allege such an admission in their complaint, thereby leaving open for the moment whether RLI sustained any actual prejudice as a result of that breach. What is at play, though, is the failure of A&T to engage RLI in any aspect of the process, thereby causing RLI's prejudice at each subsequent stage of the engagement between A&T and Mrs. Dampeer, from the beginning of the negotiations through today.

not do so, then RLI's liability "shall be limited to the amount for which settlement could have been made." In this case, since RLI was never notified of the claim, it could not authorize a settlement. It belies reason to suggest now that if A&T did not consummate a reasonable settlement that it agreed with Mrs. Dampeer, that RLI could be held liable for any amount in excess of that undisputed $3,500 settlement sworn to by A&T in its deposition. Exh. 3, p.163-64.

Therefore, if the Court rejects the Fifth Circuit's application of Louisiana law allowing RLI to avoid coverage after having shown actual prejudice due to A&T's breaches of all three notice provisions in the Policy, and if the Court finds that the Deductible does not negate any obligation by RLI to pay A&T or Alexis any amount, then the maximum amount RLI can be called on to pay is limited to the $3,500 sworn by its insured's owner, T.J. Manuel.

### C  THERE IS NO ENTITLEMENT FOR THE REIMBURSEMENT OF ANY LEGAL COSTS

The Policy's Law Costs provisions precludes the payment of any court costs (including defense costs) "unless the same shall have been incurred with the written consent of the Assurer, or the Assurer shall be satisfied that such approval could not have been obtained under the circumstances without unreasonable delay." Without notice to RLI, it could not consent, and, in this case, there is no indication whatsoever that A&T could not have requested such approval without unreasonable delay. Indeed, one of the defenses of the claims against RLI is that A&T sat silent for a year and never attempted to contact RLI despite being requested to do so by the original claimant, Mrs.

9

Dampeer.

As a result, neither the indemnity amount nor the legal fees are recoverable by A&T or Alexis.

### D     THE PREJUDICE GOES BEYOND THE $3,500

RLI respects the Court's efforts to fashion an appropriate remedy for this case. RLI informs the Court that the prejudice it has suffered goes beyond the amount for which the original landowner's claim could have been settled. As can be seen from the above arguments, RLI was prejudiced by its inability to be involved from shortly after the allision through the filing of this lawsuit by the Champagnes. The dollar value of the claim worsened, of course, but RLI was unable to obtain timely statements from witnesses, such as Ms. Dampeer, or to inspect the damage right after it occurred to make a determination of the amount of damages caused by the allision. One year passed, and ownership of the property changed hands, potentially changing the tenor, tactics and motives of the property owner. It remains unknown whether other allisions occurred after the one forming the basis of this lawsuit, as there surely were those that occurred before this allision. Recreating and gathering facts after the passage of so much time is a far different exercise than doing so *ex tempore*.

RLI also was brought into this litigation, and has successfully defended itself against two motions for summary judgment and, with this motion, has presented two motions for summary judgments, all at great cost to itself in terms of staff time and money.

RLI suggests to the Court that these factors be considered when determining the appropriate remedy.

## IV  CONCLUSION

For the foregoing reasons, RLI asks the court to grant the dismissal with prejudice of all claims asserted against RLI by Alexis and A&T; and granting RLI's counterclaims against A&T and Alexis, declaring RLI Insurance Company provides no insurance under the RLI Policy to A&T or Alexis for any purpose, including no duty or other obligation (A) to provide or pay for any defense or indemnity of A&T, or (B) to pay any amounts to, or on behalf, or for the benefit, of A&T or Alexis.

<div style="margin-left: 50%;">

Ezkovich & Co., LLC
Alan D. Ezkovich (# 1865), T.A.
Dorothy L. Tarver (# 29714)
650 Poydras Street, Suite 1220
New Orleans, Louisiana 70130
Telephone:   (504) 593-9899
Facsimile:    (504) 593-9048
Email:            Alan.Ezkovich@EzkovichLaw.com
                      Dorothy.Tarver@EzkovichLaw.com

By: _____*Alan D. Ezkovich*_____
         E-signed
         Alan D. Ezkovich
         Attorneys for
         RLI Insurance Company

</div>