UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT M. CHAMPAGNE III, ET AL. | * | CIVIL ACTION NO. 21-476 |
| | * | |
| VERSUS | * | SECTION: "A"(1) |
| | * | |
| M/V UNCLE JOHN, ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment Regarding Remedy (Rec. Doc. 141)** filed by third-party defendant/cross-defendant RLI Insurance Co. Alexis Marine, LLC and A&T Maritime Logistics, LLC oppose the motion. The motion, submitted for consideration on November 23, 2022, is before the Court on the briefs without oral argument.

RLI filed the instant motion for summary judgment at the Court's suggestion following entry of the Order and Reasons (Rec. Doc. 140) that granted in part and denied in part RLI's motion for summary judgment as to insurance coverage.[1] Via that motion RLI sought summary judgment dismissing the third-party demand filed by Alexis Marine and the UNCLE JOHN, dismissing the cross-claim filed by A&T Maritime, and granting RLI's counterclaim against A&T Maritime declaring that RLI has no duties or obligations to A&T Maritime under its policy. A plethora of issues and arguments were raised by the parties in conjunction with that prior motion for summary judgment. Ultimately, the Court found that the UNCLE JOHN was a covered vessel on the date of

---

[1] The Court's prior Order and Reasons provides a complete and detailed factual and procedural background for this case. The Court assumes the reader's familiarity with that Order and Reasons. *Champagne v. M/V UNCLE JOHN*, No. 21-476, 2022 WL 6742007 (E.D. La. Oct. 11, 2022).

1

the allision. (Rec. Doc. 140, Order and Reasons at 9). But the Court also found that A&T Maritime had breached all of the policy's notice requirements, and that RLI had demonstrated actual prejudice as a direct result of those breaches. (*Id.* at 10-11). As to the finding of actual prejudice the Court explained:

> As to prejudice, it hardly strains credulity to see that RLI was prejudiced by A&T Maritime's intentional failure to notify RLI about the allision. Putting aside speculation as to what RLI's post-accident investigation of the damage would have presented in terms of defenses to liability, the original property owner was willing to accept $3500 for the property damage. But that settlement was never consummated and apparently the damage to the dock worsened and the damage from the allision became more expensive to repair. The ultimate settlement amount involving the Champagnes is believed to be around $200,000.00. As RLI legitimately points out, had it been notified of the allision when it occurred, it could have adjusted the loss, and potentially settled the entire matter for the $3500 that Ms. Dampeer was willing to accept. The vessel seizure, which was expensive for both the Champagnes (and therefore surely drove up the amount demanded in settlement) and Alexis Marine, could have been avoided. This entire lawsuit and all of the attorney's fees and costs that both A&T Maritime and Alexis Marine now want RLI to pay could have been avoided. It matters not that RLI has been a party to this case since its inception; by the time that the lawsuit was filed the prejudice was already in place. The Court finds that RLI has established actual prejudice as a direct result of A&T Maritime's breach of the policy's notice requirements.

(Rec. Doc. 140, Order and Reasons at 11).

As to the remedy aspect of RLI's motion, the Court denied relief without prejudice, and invited RLI (or the other parties) to file a follow-up motion for summary judgment, narrowly directed at the issue of remedy, which according to RLI should be complete forfeiture of coverage. (*Id.* at 12). The Court explained as follows:

> The final step in the Court's analysis is the proper remedy for those breaches. RLI naturally seeks to have the Court declare that all coverage for the allision has been voided due to the breaches. If the policy contained language that either expressly or impliedly required such a draconian result then the Court would not hesitate to enforce that language. But RLI has not pointed out where the policy language requires that harsh result. And the Court is not clear on which *binding* authority RLI relies upon to have the

> Court void coverage. A strong argument could be made perhaps that even if coverage was not voided altogether it should be limited to $3500 with no reimbursement for attorney's fees or for any of the expenses that were incurred due to the vessel's arrest. At this time the Court is persuaded that summary judgment should be denied without prejudice as to the appropriate remedy for the breaches that occurred and the prejudice sustained. RLI (or the other parties) may file a new narrower motion for summary judgment on the issue (incorporation of prior briefing by reference will not be allowed) but any such motion(s) must be filed by **October 31, 2022**.

(Rec. Doc. 140, Order and Reasons at 11-12) (emphasis in original).

The instant motion by RLI followed. RLI argues that precedent in this circuit demonstrates that the complete denial of coverage, not some lesser remedy, is appropriate under the circumstances.

Although an insurer cannot deny coverage merely because its insured failed to give notice of a loss as soon as practicable, *Peavey Co. v. M/V ANPA*, 971 F.2d 1168, 1172 (5th Cir.1992) (citing *Sandefer Oil & Gas v. AIG Oil Rig of Tex., Inc.*, 846 F.2d 319, 321 (5th Cir. 1988)), coverage may be denied if the insurer shows "actual prejudice" based on the failure to receive notice as stipulated in the policy, *id.* (citing *Sandefer*, 846 F.2d at 321; *Elev. Boats, Inc. v. Gulf Coast Marine, Inc.*, 766 F.2d 195, 198 (5th Cir. 1985); *Champion v. Panel Era Mfg. Co.*, 410 So. 2d 123, 1236 (La. App. 3d Cir.1982)).[2]

In opposition, A&T Maritime and Alexis Marine have attempted to relitigate the Court's finding of actual prejudice, or at the very least stave off summary judgment by

---

[2] RLI's position remains that the warranties in its policy constitute conditions precedent obviating the need to show actual prejudice. (Rec. Doc. 141-3, Memorandum in Support at 5 n.1). The Court remains persuaded that the policy language is not express as to the status of the notice provisions and therefore actual prejudice must be shown.
   The parties implicitly agree that Louisiana law applies to the interpretation of this marine insurance policy. *See Elev. Boats*, 766 F.2d at 198-99.

3

suggesting that there are disputed issues of fact as to actual prejudice.[3] The issue of actual prejudice was raised and argued in conjunction with RLI's first motion for summary judgment; the arguments in opposition were considered and rejected. The Court remains persuaded that RLI has demonstrated actual prejudice as a result of A&T Maritime's intentional breach of the policy's notice requirements. Under the caselaw, that prejudice is sufficient to relieve RLI of its coverage obligations under its policy.

The decision in *Peavey, supra,* does not militate in favor of a different conclusion. Although the insurer was not notified until nine months later following the allision in that case, the insured immediately notified its attorney, *who the insurer later retained to represent its own interests*. 971 F.2d at 1171. Because that attorney had taken immediate actions to investigate the allision and to protect the insurer's interests, including hiring experts, the insurer was not prejudiced due to late notice. *Id.* at 1174. The facts of *Peavey* are distinguishable from those in this case.

Alexis Marine now provides an affidavit from Ms. Dampeer in which she claims that she never reached an agreement with Mr. Manuel to settle her claim for $3,500.00. (Rec. Doc. 142-1, Dampeer affidavit). This document is dated after the Court issued its Order and Reasons finding that RLI had established actual prejudice. When RLI filed its coverage motion, neither A&T Maritime nor Alexis Marine questioned or challenged Mr. Manuel's assertion that Ms. Dampeer had agreed to accept $3,500 for the damage caused by the UNCLE JOHN, and neither party provided any controverting statements from her. Importantly, while the affidavit indicates that Ms. Dampeer would not take

---

[3] As the Court has already explained, in this nonjury case a factual dispute does not ipso facto preclude summary judgment. (Rec. Doc. 93, Order and Reasons at 7 n.1).

$3,500 for the damage, it does not indicate what she now says she actually would have taken. In other words, nothing about the affidavit casts doubt on the Court's prior finding that this case, which was litigated by the Champagnes (new owners) and not Ms. Dampeer (original owner), cost far more to litigate and satisfy than what RLI could have resolved the case for in 2020 had it been given notice of the allision in accordance with the policy.

In sum, RLI's motion is granted, dismissing the third-party demand filed against it, dismissing the cross-claims filed against it, and granting RLI's counterclaim against A&T Maritime declaring that RLI has no duties or obligations to A&T Maritime or Alexis Marine under its policy.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment Regarding Remedy (Rec. Doc. 141)** filed by third-party defendant/cross-defendant RLI Insurance Co. is **GRANTED**.

January 4, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE